174 N.J. Super. 301 (1980)
416 A.2d 431
GEORGE F. BARNES LAND CORP., A CORPORATION OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
BOARD OF ADJUSTMENT OF THE TOWNSHIP OF WYCKOFF, BUILDING INSPECTOR OF THE TOWNSHIP OF WYCKOFF, MAYOR AND COUNCIL OF THE TOWNSHIP OF WYCKOFF, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted May 27, 1980.
Decided May 30, 1980.
*303 Before Judges BISCHOFF, BOTTER and MORTON I. GREENBERG.
George Martin, attorney for appellant.
Aronsohn, Kahn & Springstead, attorneys for respondents (Lee D. Krantzow, on the brief).
PER CURIAM.
Plaintiff appeals from a Law Division judgment upholding the denial of a variance sought pursuant to N.J.S.A. 40:55D-70(c) to permit plaintiff to construct a dwelling on a parcel which did not meet the zoning ordinance's area, frontage, depth, side yard and land coverage requirements. Plaintiff seeks an order granting it a variance or, alternatively, an order requiring the Township of Wyckoff to compensate it for the property. The proofs showed that the property consists of two contiguous lots, each 20 feet by 110 feet. These lots were once a part of a large tract of land which was platted on a map drawn in 1924 and approved by the township committee in 1926. In 1930 the municipality adopted a zoning ordinance which established minimum lot sizes *304 of 50 feet by 100 feet in residential districts. Several years after the adoption of this ordinance the real estate company which owned the larger tract sold the two lots to plaintiff's predecessor in title.
The trial judge found that plaintiff's claimed hardship was self-created because plaintiff's predecessor in title had created the nonconformity by selling an undersized lot after the adoption of the 1930 zoning ordinance. We concur and affirm the judgment for the reasons stated on this point by Judge Harvey Smith in his oral opinion. Commons v. Westwood Z. Bd. of Adj., 81 N.J. 597, 606 (1980); Chirichello v. Monmouth Beach Bd. of Adj., 78 N.J. 544 (1979); Branagan v. Schettino, 100 N.J. Super. 580 (App.Div. 1968). We point out additionally that the mere filing of the map did not constitute a subdivision of the lots shown thereon so as to exempt them from future zoning requirements, particularly while the two 20-feet contiguous lots remained in ownership common with adjacent property. Loechner v. Campoli, 49 N.J. 504 (1967).
Plaintiff's argument that a "grandfather clause" in a 1940 amendment to the 1930 ordinance immunized the lots in question from the 1930 zoning requirements is without merit. The 1940 amendment applied only to lots which were less than 75 feet by 100 feet, but at least 50 feet by 100 feet.
There is no basis to order the municipality to compensate plaintiff by ordering it to condemn the property. It was the action of plaintiff's predecessor in interest in unlawfully subdividing the property that made the lots not useable. Thus, defendant was not responsible for the loss. This is not a case like Miriam Homes, Inc. v. Perth Amboy Bd. of Adj., 156 N.J. Super. 456 (App.Div. 1976), aff'd o.b. 75 N.J. 508 (1978), where property was zoned "into idleness," 75 N.J. 508 (dissenting opinion). Rather, it was sold into idleness.
In light of our disposition of the case, we express no opinion as to the sufficiency of the proofs concerning the negative criteria. See Miriam Homes, Inc. v. Perth Amboy Bd. of Adj., supra.
Affirmed.